GEORGE HUNTINGTON *v.* OTIS BARDWELL.

An agreement by two that one of them shall bid in behalf of both for a mail contract is not invalid unless made for an illegal purpose affecting public policy.

It is not illegal for one interested in a contract for carrying the mail, but not a nominal party to it with the government, to sign the bid and contract as surety, unless this was done with a design to defraud the government.

ASSUMPSIT. The defendant had made in writing a bid for carrying the United States mail on a certain route; his bid had been accepted and he had made a contract with the United States to carry the mail, and the plaintiff had signed the bid and contract as surety for the defendant. The plaintiff claimed, that, as between himself and the defendant, they were joint bidders and contractors, and equally interested in the profits, and this action was brought to recover the plaintiff's share of the profits received by the defendant. The defendant objected that such an arrangement would be in violation of the laws of the United States, illegal and void, and that no action could be maintained upon it. The court overruled the objection and the defendant excepted.

*Cushing*, for the defendant.

By the law of the United States, act of 1836, secs. 27, 28 and 29, every person contracting to carry the mail is required to furnish sureties for the performance of his contract. If one of the real contractors is permitted to sign as surety, while he is really a principal, the spirit of the law is violated, and the government has not the security which the statute requires. Such an arrangement being unlawful, the plaintiff cannot be permitted to set it up as the foundation of a claim against his partner in the unlawful transaction.

The defendant, it is said, has been performing a contract to carry the mails, and has received money on that account; the plaintiff seeks to take this money from him, and undertakes to maintain his claim by setting up an unlawful agreement. *Prima facie*, the money belongs to the defendant. It can only be shown to be the plaintiff's money by showing the unlawful and fraudulent contract. The parties are in *pari delicto*, and the maxim *melior est conditio possidentis* applies. *White* v. *Hunter*, 23 N. H. 128.

*Vose* and *Wheeler & Faulkner*, for the plaintiff.

PERLEY, C. J.   The act of 1836, section 27, provides "that every proposal for the transportation of the mail shall be accompanied by a written guaranty, signed by one or more responsible persons, to the effect that he or they undertake that the bidder or bidders will, if his or their bid be accepted, enter into an obligation, in such time as may be prescribed by the Postmaster General, with good and sufficient sureties, to perform the service proposed.   If, after acceptance of a proposal and notification thereof to the bidder or bidders, he or they shall fail to enter into an obligation with good and sufficient sureties for the performance of the service, then the Postmaster General shall proceed to contract with some other person or persons for the performance of said service."   5 Statutes at Large, 86.   And by section 28 of the same statute, it is provided "that no contract for the transportation of the mail shall knowingly be made by the Postmaster General with any person, who shall have entered into any combination to prevent the making of any bid for a mail contract by any other person or persons."   5 Statutes at Large, 87.   We do not find any other provisions in the laws of the United States, that can be relied on to defeat this action.

It was decided in *Bellows* v. *Russell*, 20 N. H. 427, that it is not illegal for one man to bid for a mail contract on account of himself and others, and that an agreement by the bidder and contractor with a third person to share with him in the contract is not illegal, unless the arrangement was made with a design to defraud the government by preventing competition in the bids or in some other way.   In the present case there was no offer to show any such design, but the ground taken by the defendant is that the arrangement was necessarily and of itself illegal, and the agreement of the defendant void.   Upon the question whether the agreement was void because the plaintiff was interested in the original bid, the case of *Bellows* v. *Russell* is directly in point, and decisive against this ground of defense inasmuch as there was no offer to show a fraudulent design.

As the law, in the absence of fraud, would recognize the defendant alone as the principal contractor, and the contract with him was legal and valid though made for himself and the plaintiff, the decision in *Bellows* v. *Russell* would seem to involve the principle that must decide the other point.   For, as the defendant alone was the contractor with the government, the plaintiff would be in fact a surety on the contract, and, if a responsible man, it is not easy to see how the government would be defrauded or injured by taking him as a surety instead of a disinterested person.   The government requires security in addition to the liability of the party, with whom the contract is made.   The defendant was the only party to the contract with the government and recognized by law as such.   In form and in substance they had the security required, and unless, as in the case of a third person interested in the original bill, there was a design to defraud the government by imposing on the department an insufficient security for the performance of the contract, there was nothing illegal in the transaction.

*Exceptions overruled.*